895 F.2d 1033
 1991 A.M.C. 608
 Edward R. PHILLIPS, Petitioner-Cross-Respondent,
v.
MARINE CONCRETE STRUCTURES, INC., and United States Fidelity
and Guaranty Company, Respondents-Cross-Petitioners,
and
Director, Office of Workers' Compensation Programs, United
States Department of Labor, Respondent.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Petitioner,
v.
Edward R. PHILLIPS, Marine Concrete Structures,
Incorporated, and United States Fidelity and
Guaranty Company, Respondents.
 Nos. 88-4776, 88-4789.
 United States Court of Appeals,
Fifth Circuit.
 March 7, 1990.
 
 Stephen A. Anderson, Bryan, Nelson, Allen, Gulfport, Miss., for Edward R. Phillips.
 Paul B. Howell, Franke, Rainey & Salloum, Gulfport, Miss., for Marine Concrete Structures, Inc. and U.S. Fidelity and Guar. Co.
 Nathaniel I. Spiller, Charles I. Hadden, Ann McLaughlin, Sec. of Labor, George R. Salem, Sol. of Labor, U.S. Dept. of Labor, Washington, D.C., for Director, Office of Workers' Compensation Programs.
 Petition and Cross-Petition for Review of an Order of the Benefits Review Board.
 Before CLARK, Chief Judge, GEE, REAVLEY, POLITZ, KING, JOHNSON, WILLIAMS, GARWOOD, JOLLY, HIGGINBOTHAM, DAVIS, JONES, SMITH and DUHE, Circuit Judges.
 JERRY E. SMITH, Circuit Judge:
 
 
 1
 In this matter, a panel of this court, viewing itself bound by the holding of a prior panel in Holliday v. Todd Shipyards Corp., 654 F.2d 415 (5th Cir. Unit A Aug. 1981), affirmed the calculation of benefits to petitioner Edward Phillips made by the Benefits Review Board (BRB) under the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. Secs. 901-950. Phillips v. Marine Concrete Structures, Inc., 877 F.2d 1231 (5th Cir.1989). In his presentation to the panel, the Director of the Office of Workers' Compensation Programs (the "Director") took the position that Holliday was wrongly decided. We granted rehearing en banc in order to determine whether Holliday should be overruled. 877 F.2d at 1237. Today we answer that question in the affirmative and, in so doing, we vacate and remand the order of the BRB.
 
 I.
 
 2
 The relevant facts and course of proceedings in this case are set forth in the panel opinion, id. at 1232-33, and we need not repeat them at length here. In summary, Phillips suffered from "temporary total disability" from September 14, 1977, to November 22, 1979 (the latter being the date of his "maximum medical improvement"), and from "permanent total disability" thenceforward. The question for en banc review concerns whether, under section 10(f) of the LHWCA, 33 U.S.C. Sec. 910(f),[1] Phillips was entitled, in addition to his basic compensation of two-thirds of his average weekly wage during the year preceding his injury,[2] to annual cost-of-living adjustments for the period of his temporary total disability.
 
 
 3
 Stated another way, the question is whether, upon attaining the status of permanent total disability, Phillips was entitled to an increase in his payments to reflect section 10(f) adjustments that arguably accrued, respectively, on October 1 of 1977, 1978, and 1979, i.e., during the period of his temporary total disability. By way of hypothetical example, the panel demonstrated the substantial difference in payments that is occasioned if the interim adjustments are recognized beginning November 22, 1979. See 877 F.2d at 1233 n. 2.
 
 
 4
 In their cross-petitions, the employer and carrier, Marine Concrete Structures, Inc., and United States Fidelity and Guaranty Company, as well as the Director request that we overrule Holliday and hold that Phillips is not entitled to have his compensation adjusted, upon assuming the status of permanent total disability, to recognize any section 10(f) adjustments for the period of his temporary total disability. Phillips, while not specifically agreeing that Hollidayshould be overturned, offers no argument why it should not; instead, he asks that any overruling should have only prospective application so as not to apply to him.
 
 II.
 
 5
 In deciding this question of statutory interpretation, we begin, of course, with the words of the statute. In section 10(f), those words are plain and unambiguous: The only adjustments provided by the section are increases to "benefits payable for permanent total disability" (emphasis added). There is no hint of a "catch-up" clause that would provide that the first adjustment occurring during permanent total disability shall be larger than subsequent years' adjustments in order to make up for adjustments not made during the years of temporary total disability. Thus, as the panel stated, "the 'intervening percentage increases' method of calculation adopted by Holliday finds no warrant in the statutory text." Id. at 1236.
 
 
 6
 Where the statute is so lucid, we need not look to the legislative history for further guidance.[3] At least twice very recently the Supreme Court has reminded us that "[w]e give the Federal Rules of Civil Procedure their plain meaning, Walker v. Armco Steel Corp., 446 U.S. 740, 750, n. 9, 100 S.Ct. 1978, 1985 n. 9, 64 L.Ed.2d 659 (1980), and generally with them as with a statute, '[w]hen we find the terms ... unambiguous, judicial inquiry is complete.' Rubin v. United States, 449 U.S. 424, 430 [101 S.Ct. 698, 701, 66 L.Ed.2d 633] (1981)." Pavelic & LeFlore v. Marvel Entertainment Group, --- U.S. ----, 110 S.Ct. 456, 458, 107 L.Ed.2d 438 (1989) (ellipses in original, emphasis added). " '[We] must take the intent of Congress ... to be that which its language clearly sets forth.' Horton v. Liberty Mutual Ins. Co., 367 U.S. 348, 352 [81 S.Ct. 1570, 1573, 6 L.Ed.2d 890] ... (1961).... The language ... could not be more clear.... We cannot doubt that Congress meant what it said." Northbrook Nat'l Ins. Co. v. Brewer, --- U.S. ----, 110 S.Ct. 297, 299, 301, 107 L.Ed.2d 223 (1989) (brackets in original).
 
 
 7
 Accordingly, today we overrule Holliday v. Todd Shipyards Corp., determining that it was wrongly decided.[4] In so doing, we adopt, as the rule of decision in this circuit, the current position taken by the Director in all cases. It is, moreover, the posture taken by the BRB except in the Fifth and District of Columbia Circuits.[5] That rule, simply stated, is that there shall be no section 10(f) adjustments for the period of temporary total disability.
 
 III.
 
 8
 We are left, then, only with the determination of whether to apply today's holding retroactively. Understandably, Phillips asks for only prospective treatment, so that the change in the law of this circuit will have no effect upon him. Cooperatively, the Director has represented to this court that in the event of retroactive application he will not seek recoupment of any overpayments made to Phillips but will only reduce future payments made to Phillips, not as an offset for past overpayments but to set future payments at the amount that would have been paid in those future months if the Holliday rule had never been implemented.
 
 
 9
 The general rule is that judicial decisions are given retroactive effect. Salem v. Stumes, 465 U.S. 638, 642, 104 S.Ct. 1338, 1341, 79 L.Ed.2d 579 (1984). The well-known test that must be met before a new decision can be applied nonretroactively is set forth in Chevron Oil Co. v. Huson, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971):
 
 
 10
 First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, ... or by deciding an issue of first impression whose resolution was not clearly foreshadowed.... Second, ... 'we must ... weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation'.... Finally, we have weighed the inequity imposed by retroactive application, for '[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the "injustice or hardship" by a holding of nonretroactivity.'
 
 
 11
 Id. at 106-07, 92 S.Ct. at 355 (citations omitted).
 
 
 12
 The instant claimant meets the first part of the test, as we adopt today a new rule in this circuit. The verdict on the second inquiry is neutral, as we can discern no particular impact upon implementation of the statutory scheme from either prospective or retroactive application as to Phillips. But Phillips falters at the third step, particularly in view of the Director's promise not to seek disgorgement of past benefits.
 
 
 13
 We do not view as a "substantial inequity" the fact that Phillips's prospective payments are to be reduced, immediately, to the level at which they should have been calculated all along. While we sympathize with the fact that his payments will be less than they have been under an incorrect reading of the statute, the fact is that he is being permitted to retain approximately 10 years' excess payments. This fact mixes the equities to the extent that we are unable to conclude that Phillips has met his burden, under Chevron, of entitlement to an exception to the presumption of retroactivity.
 
 
 14
 Thus, we direct that as to Phillips and other claimants in this circuit, future payments may be adjusted to the amount that would have been calculated absent the Holliday formula, although no refund of past excess payments made pursuant to Holliday shall be required. This treatment is fair especially in light of the fact that the excess payments in accordance with Holliday resulted from the Director's own position, now repudiated, as presented in Holliday.
 
 IV.
 
 15
 Other issues regarding Phillips's claim were presented to the panel in this case. To the extent that the panel's treatment of those issues is not inconsistent with this opinion, we reinstate the panel decision. In view of our overruling of Holliday, we VACATE the order of the BRB and REMAND for further proceedings consistent herewith.
 
 
 
 [1]
 Section 10(f) reads as follows:
 Effective October 1 of each year, the compensation or death benefits payable for permanent total disability or death arising out of injuries subject to this chapter shall be increased by the lesser of--
 (1) a percentage equal to the percentage (if any) by which the applicable national weekly wage for the period beginning on such October 1, as determined under section 906(b) of this title, exceeds the applicable national average weekly wage, as so determined, for the period beginning with the preceding October 1; or
 (2) 5 per centum.
 
 
 [2]
 See 33 U.S.C. Secs. 908(a)-(b), 910
 
 
 [3]
 We note, however, as did the panel, that the House and Senate Reports state that the section is intended to "provi[de] for upgrading benefits in future years for cases of permanent total disability or death benefits." H.R.Rep. No. 92-1441, 92d Cong., 2d Sess. 3 (1972); S.Rep. No. 92-1125, 92d Cong., 2d Sess. 6 (1972), reprinted in 1972 U.S.Code Cong. & Admin.News 4700. Previously, Congress had rejected a version providing for annual adjustments to all compensation, whether partial or total, temporary or permanent. See S. 2318, 92d Cong., 2d Sess. 311 (1971)
 
 
 [4]
 The panel herein noted, and in fairness to the Holliday panel we observe, that in Holliday the construction of Sec. 10(f) was not presented by the parties in an adversarial context: Neither the employer nor its carrier participated in the proceedings, and the panel's judgment was more in the nature of approval of a settlement than of a ruling on a contested matter of law. Moreover, the Director now acknowledges that in Holliday his attorney, in presenting the proposed settlement, erred in representing the Director's purported position to the court
 
 
 [5]
 As the panel noted, 877 F.2d at 1236 n. 6, the court in Brandt v. Stidham Tire Co., 785 F.2d 329, 332 (D.C.Cir.1986), followed Holliday, stating its belief that correction of the error should be left to the Fifth Circuit