**Antonio LOZADA, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, and General Dynamics Corporation, Respondents.**

**No. 1292, Docket 90–4005.**

United States Court of Appeals, Second Circuit.

Argued April 30, 1990.

Decided May 14, 1990.

Carolyn P. Kelly, Groton, Conn. (O'Brien, Shafner, Bartinik, Stuart & Kelly, P.C., Cynthia Fausold Schwanz, of counsel), for petitioner.

Nathaniel I. Spiller, Senior Appellate Atty., U.S. Dept. of Labor, Washington, D.C. (Robert P. Davis, Sol. of Labor, Allen H. Feldman, Associate Solicitor for Special Appellate and Supreme Court Litigation, Charles I. Hadden, Deputy Associate Sol., U.S. Dept. of Labor, Washington, D.C., of counsel), for respondent, Director, Office Workers' Compensation Programs.

Norman P. Beane, Jr., Boston, Mass. (Murphy & Beane, Diane M. Broderick, of counsel), for respondent, General Dynamics Corp.

Before FEINBERG, MESKILL and WINTER, Circuit Judges.

PER CURIAM:

Claimant Antonio Lozada petitions this court for review of an unpublished decision and order of the Benefits Review Board (the Board), dated December 29, 1989, which affirmed the decision and order of the Administrative Law Judge (ALJ) David W. Di Nardi in this claim arising under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq. Lozada injured his back in the course of his employment in November 1981. The ALJ found, among other things, that Lozada reached maximum medical improvement on December 4, 1985, and accordingly awarded permanent total disability benefits beginning on December 5, 1985. The ALJ further found that § 10(f) of the Act, 33 U.S.C. § 910(f), did not entitle Lozada to cost-of-living adjustments occurring during his period of temporary total disability, that is, adjustments occurring prior to his obtaining the status of permanent total disability.

On this appeal, Lozada argues that the Board erred in (1) affirming the ALJ's finding that claimant did not become permanently disabled until December 5, 1985, because the ALJ's determination was neither in accordance with law nor supported by substantial evidence on the record as a whole; and (2) affirming the ALJ's refusal to compute cost-of-living adjustments under § 10(f) of the Act, so as to provide claimant on the onset date of permanent total disability an initial catchup adjustment for inflationary increases that had occurred during his preceding period of temporary total disability. There is presently a split in the circuits on the second issue. Compare *Phillips v. Marine Concrete Structures, Inc.*, 895 F.2d 1033 (5th

Cir.1990) (in banc) with *Director, Office of Workers' Compensation Programs v. Hamilton,* 890 F.2d 1143 (11th Cir.1989) (petition for rehearing in banc pending). We write to make clear our views on this second issue, which has circuit-wide significance. Accordingly, we first address the question whether a claimant is entitled to have his compensation adjusted, upon assuming the status of permanent total disability, to recognize any § 10(f) cost-of-living adjustments during a preceding period of temporary total disability.

Section 10(f) provides:

Effective October 1 of each year, the compensation or death benefits payable for permanent total disability or death arising out of injuries subject to this chapter shall be increased by the lesser of—

> (1) a percentage equal to the percentage (if any) by which the applicable national weekly wage for the period beginning on such October 1, as determined under section 906(b) of this title, exceeds the applicable national average weekly wage, as so determined, for the period beginning with the preceding October 1; or

> (2) 5 per centum.

The Board's construction of this section in this proceeding entitled Lozada to an adjustment to his compensation on October 1, 1986 (the first October 1 after he was determined to be permanently disabled) equal to the increase in the national weekly wage over the previous year, and to similarly computed adjustments each October 1 thereafter.

Lozada instead urges this court to adopt a construction of § 10(f) that would provide a claimant with an initial adjustment on the onset date of permanent total disability equal to the total increase in the national weekly wage for all of the years of his temporary total disability. This interpretation conflicts with both the Board's interpretation and that of the Director of the Office of Workers' Compensation Programs (OWCP). In his appellate brief, Lozada invokes the decision of the Fifth Circuit in *Holliday v. Todd Shipyards Corp.,*

654 F.2d 415 (5th Cir. Unit A Aug. 1981), to support his position. However, after Lozada submitted his brief to this court, the Fifth Circuit, sitting in banc, unanimously overruled *Holliday.* See *Phillips,* 895 F.2d 1033. The *Phillips* court adopted as the rule of decision in its circuit the current position taken by the Director, which is that § 10(f) entitles a claimant to compensation adjustments that occur only after a condition of total disability becomes permanent. *Id.* at 1035. At oral argument, Lozada urged this court not to follow the *Phillips* decision, which, he contended, was wrongly decided. We disagree. We find the reasoning of the *Phillips* court persuasive and adopt its rule.

■ Turning to the first issue raised by Lozada, we agree with the Board that the ALJ's finding regarding the date that claimant reached maximum medical improvement is supported by substantial evidence, is rational and is in accordance with law. See *O'Keeffe v. Smith, Hinchman & Grylls Assocs., Inc.,* 380 U.S. 359, 362, 85 S.Ct. 1012, 1014, 13 L.Ed.2d 895 (1965) (per curiam). At oral argument, Lozada maintained that he suffered a permanent total disability on the date of injury, or alternatively, by no later than May 23, 1983, when one treating physician found him to be suffering from a "20% permanent partial disability of the lumbar spine." We cannot say that the Board erred in upholding the ALJ's finding. The record contained medical evidence from one of Lozada's treating physicians from which the ALJ could have reasonably found that Lozada's condition continued to improve after May 23, 1983.

For the reasons stated above, we deny the petition.