ALMON, Justice.
William J. Holcombe appeals from the trial court’s summary judgment in favor of Alabama Dry Dock and Shipbuilding Corporation (“ADDSCO”). Under state common law theories for recovery, the trial court’s summary judgment allowed ADDS-CO’s recovery of compensation benefits erroneously paid to Holcombe under the Longshore and Harbor Workers’ Compensation Act, 33 U.S.C. §§ 901, et seq. (“LHWCA”). On this appeal, Holcombe argues that the trial court lacked subject matter jurisdiction to supplement the LHWCA with state common law theories for recovery because, he says, the LHWCA’s procedures are exclusive.
The following facts are not in dispute: During 1982, Holcombe was injured while working as an ADDSCO employee. ADDSCO is a maritime employer covered by the LHWCA. During March 1983, Hol-combe made a claim for LHWCA compensation benefits. More than seven years later, in September 1990, a formal hearing of Holcombe’s claim was conducted before an administrative law judge. After this hearing, the judge held in Holcombe’s favor and awarded him $132,520.66 in LHWCA compensation benefits. The record does not indicate whether the compensation order became final. The record does indicate, however, that ADDSCO paid this amount to Holcombe within 10 days of the order, presumably to avoid a penalty imposed by 33 U.S.C. § 914. ADDSCO filed a motion for reconsideration of the compensation order with the administrative law judge.[1] The administrative law judge reconsidered his original determination and entered a second compensation order. This second compensation order stated the administrative law judge’s revised determination that Holcombe was entitled to only $10,826.96 in LHWCA compensation benefits. Later, in a letter to Holcombe’s lawyer, ADDSCO demanded that Holcombe return the $121,693.70 difference between the two awards that ADDSCO had erroneously paid. Holcombe refused. ADDSCO filed an action in state court (“the trial court”) against Holcombe, alleging several Alabama common law theories for recovery, including conversion and unjust enrichment.
In response to ADDSCO’s claims, Hol-combe moved to dismiss, arguing that the trial court did not have subject matter jurisdiction over ADDSCO’s claim for the return of erroneously paid LHWCA compensation benefits. ADDSCO moved for a summary judgment, arguing that, under the undisputed facts, Alabama’s common law entitled it to a judgment against Hol-combe requiring Holcombe to repay the erroneously paid LHWCA compensation benefits. After the parties’ lawyers orally argued their respective motions in the trial court, the trial court denied Holcombe’s *402 motion to dismiss for lack of subject matter jurisdiction and granted ADDSCO’s motion for summary judgment. This appeal is from the trial court’s summary judgment in favor of ADDSCO.
On this appeal, Holcombe continues his argument that the trial court lacked subject matter jurisdiction. Holcombe argues that the LHWCA’s procedures for recovering erroneously paid compensation benefits are exclusive because, he argues, Congress’s enactment of the LHWCA had preempted the area of law governing compensation of maritime employees for work-related injuries. In factually similar cases, decided after the trial court’s denial of Holcombe’s motion to dismiss and its entry of the summary judgment for ADDS-CO, two federal appellate courts have agreed with this argument, holding that the LHWCA’s procedural provisions for recovering erroneously paid compensation benefits are exclusive and that no implied federal common law cause of action for recovery exists. Ceres Gulf v. Cooper, 957 F.2d 1199 (5th Cir.1992); Stevedoring Services of America, Inc. v. Eggert, 953 F.2d 552 (9th Cir.), cert. denied, — U.S. —, 112 S.Ct. 3056, 120 L.Ed.2d 922 (1992).
In Ceres Gulf, supra, an employer sought an employee’s repayment of $36,000 in advance payments of LHWCA compensation benefits. As required by the LHWCA, the employer made these payments prior to the formal hearing. At the formal hearing, an administrative law judge determined that the alleged work injury had not occurred. The employer attempted to recover the erroneously paid compensation benefits in an action filed in a federal district court. The district court allowed the employer’s recovery, and the employee appealed.
On appeal, the Ceres Gulf court reviewed the LHWCA and concluded that the LHWCA’s provisions relating to an employer’s recovery of erroneously paid compensation benefits were exclusive. The court observed that the LHWCA allowed for reimbursement for erroneously paid benefits in three different sections, 33 U.S.C. §§ 914(j), 922, and 908(j). All three of these sections allow the reimbursement in the form of a credit for the employer against unpaid compensation benefits. Accordingly, the Ceres Gulf court held that the district court did not have subject matter jurisdiction, and it stated:
“In sum, allowing this separate [federal common law cause of] action would run counter not only to the express provisions of the LHWCA — which, alone, ends the inquiry — but also to the underlying purpose of the Act. To allow this separate action, we would have to ignore the compromise effected by the exclusivity aspects of the LHWCA, under which the employee is barred from suing the employer, in exchange for more prompt and certain, although possibly lower, recovery. The LHWCA precludes the employee’s suit, yet Ceres Gulf seeks to hale the employee into federal court because of a claimed gap in the LHWCA, concerning recovery of wrongful advance payments. The cure lies with Congress, not federal courts.”
Ceres Gulf, 957 F.2d at 1209 (footnote omitted). The Ceres Gulf court relied, in part, on the decision of the Ninth Circuit Court of Appeals in Stevedoring Services of America, supra.
In Stevedoring Services, the court reviewed the LHWCA provisions providing an employer with a remedy for erroneously paid compensation benefits, noted the “basic difference between filling a gap left by Congress’ silence and rewriting rules that Congress has specifically enacted,” Stevedoring Services, 953 F.2d at 555-56 (quoting Sample v. Johnson, 771 F.2d 1335, 1345-46 (9th Cir.1985), cert. denied, 475 U.S. 1019, 106 S.Ct. 1206, 89 L.Ed.2d 319 (1986)), and held that no federal common law cause of action existed to allow the employer’s recovery of erroneously paid LHWCA compensation benefits. In a footnote, the Stevedoring Services court stated, “Although the question is not before us, it appears likely that Congress has expressed its intent to preempt state common law claims by employers against claimants for repayment of alleged overpayments of disability compensation.” Id. at 558 n. 7 (emphasis in original).
*403 This Court’s review of the LHWCA’s provisions for an employer’s remedy in the event of erroneous payment requires that we agree with the observations of the Ceres Gulf court and the Stevedoring Services court. In the wake of the federal appellate courts’ refusal to rewrite or supplement the LHWCA, this Court cannot allow ADDSCO’s summary judgment to stand on state common law theories of recovery. On the authority of Ceres Gulf, supra, and Stevedoring Services, supra, the trial court’s summary judgment for ADDSCO is reversed. The trial court is directed, on remand, to dismiss the action for lack of subject matter jurisdiction.
REVERSED AND REMANDED.
HORNSBY, C.J., and ADAMS, STEAGALL and INGRAM, JJ., concur.

. This Court notes that the LHWCA established a “Benefits Review Board" (“the Board") that is "authorized to hear and determine appeals raising a substantial question of law or fact taken by any party in interest from decisions with respect to claims of employees under [the LHWCA] and the extensions thereof.” 33 U.S.C. § 921(b)(3). The LHWCA gives the Board the exclusive authority to stay an employer's payment required by an LHWCA compensation order. Id. The record does not include any allegation that ADDSCO attempted to have the first compensation order stayed pending the Board’s review. ADDSCO offers no explanation as to why it did not request the Board's stay of the first compensation order.