United States Court of Appeals,

Eleventh Circuit.

No. 96-9287

Non-Argument Calendar.

SOUTHEASTERN MARITIME COMPANY, Georgia Insurers Insolvency Pool, Petitioners,

v.

Alonzo BROWN and Director, Office of Workers' Compensation, United States Department of Labor, Respondents.

Sept. 10, 1997.

Petition for Review of an Order of the Department of Labor Benefits Review Board. (Nos. BRB 94-4002, OWCP 6-771555).

Before TJOFLAT, COX and BIRCH, Circuit Judges.

PER CURIAM:

Southern Maritime Company and Georgia Insurers Insolvency Pool (collectively "petitioners") appeal the decision of the Benefits Review Board pursuant to 33 U.S.C. § 921(c). That decision affirmed the Administrative Law Judge's determination that Alonzo Brown, who had been injured in a work-related accident, was entitled to permanent total disability, with annual adjustments to accrue from the date of temporary total disability.

Petitioners acknowledge that this case is controlled by precedent set forth by our predecessor circuit in *Holliday v. Todd Shipyards Corp.,* 654 F.2d 415 (5th Cir. Unit A 1981), which held that, under section 10 of the Longshore and Harbor Worker's Compensation Act, 33 U.S.C. § 910(f), a claimant's permanent total disability adjustment rate would include all intervening adjustments that occur during the period of his temporary total disability. Petitioners, however, point to the fact that the current Fifth Circuit has overruled *Holliday, see Phillips v. Marine Concrete Structures, Inc.,* 895 F.2d 1033 (5th Cir.1990), and that this position also has been adopted by both the Second and Ninth Circuits. *See Lozada v. Director, Office of Workers' Compensation Programs, U.S. Dept. of Labor,* 903 F.2d 168 (1990) and *Bowen v. Director, Office of Workers Compensation Programs,* 912 F.2d 348 (9th Cir.1990). Petitioners urge us to abandon *Holliday* in favor of the approaches taken

by these other courts and hold that section 10(f) adjustments apply only to the period of a claimant's permanent total disability.

Our holding in *Holliday,* however, has been reaffirmed by the Eleventh Circuit subsequent to the circuit split. *See Director, Office of Workers' Compensation Programs, U.S. Dept. of Labor v. Hamilton,* 890 F.2d 1143 (11th Cir.1989) ("[W]e must affirm the decision of the Benefits Review Board unless this court, sitting en banc, overrules *Holliday.*"). Notwithstanding petitioners' arguments regarding the wisdom of *Holliday* or the singularity of its holding relative to the other circuits, it is still binding precedent in our circuit. As noted in *Hamilton,* barring *en banc* reconsideration of *Holliday,* the reasoning and holding announced in that case remains the law. Accordingly, the decision of the Benefits Review Board is AFFIRMED.