**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Charles SAGG, Jr., Defendant–Appellant.**

**No. 96–10223.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 15, 1997.*

Decided Sept. 23, 1997.

Gregg H. Griffith, Phoenix, Arizona, for Defendant–Appellant.

Joseph C. Welty, Assistant United States Attorney, Phoenix, Arizona, for Plaintiff–Appellee.

Before: BROWNING and THOMPSON, Circuit Judges, and MOSKOWITZ, District Judge.**

---

* The panel unanimously finds this case suitable for disposition without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34–4.

** The Honorable Barry T. Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

**PER CURIAM:**

Reduced to its simplest terms, the issue we decide in this case, as it is framed by the defendant, is: Can a sleeping child engage in sexual contact as defined in 18 U.S.C. § 2246(3)?

## FACTS AND PROCEEDINGS

The defendant Sagg entered his sleeping ten-year-old stepdaughter's room. He took the sleeping child's hand, placed it around his penis, and ejaculated. The sleeping child remained asleep. Sagg was indicted on one count of Abusive Sexual Contact in violation of 18 U.S.C. § 2244(a)(1). "Sexual Contact" is defined as "the intentional touching ... of the genitalia ... of any person with the intent to ... arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(3).

■ Prior to jury selection, the court discussed with the parties their legal theories of the case and the formulation of jury instructions. Sagg argued that his conduct, though repulsive, was not prohibited by the statute. He argued that he could not have "caused" an "intentional touching" because the toucher (his stepdaughter) remained asleep and could not have had any "intent." The government responded that the "intentional" touching required by the statute referred to the defendant's mental state. The court agreed with the government's interpretation and ruled that the jury instructions would explain that the phrase "intentional touching" as used in 18 U.S.C. § 2246(3) referred to the defendant's state of mind. Sagg then entered a conditional plea of guilty, preserving his right to appeal this issue. This appeal followed.

## DISCUSSION

We interpret a federal statute by ascertaining the intent of Congress and by giving effect to its legislative will. Where the intent of Congress is evidenced clearly in the language of the statute, our inquiry ends there. If, however, the statutory language gives rise to more than one reasonable interpretation, our duty is to find that interpretation which can most fairly be said to be imbedded in the statute, in the sense of being most harmonious with its scheme and with the general purposes that Congress manifested.

*United States v. Koyomejian,* 946 F.2d 1450, 1453 (9th Cir.1991) (internal quotations and citations omitted).

In the present case there are at least two reasonable interpretations of "sexual contact" as defined by 18 U.S.C. § 2246(3)-the defendant's interpretation and the government's. The district court chose the government's. We agree.

■ The victim's intent is not important in this case. The defendant pleaded guilty to a violation of 18 U.S.C. § 2244(a)(1). That section of the Act criminalizes knowingly engaging in or causing sexual contact with or by another person in violation of 18 U.S.C. § 2241. Section 2241 refers to engaging in a sexual act in which the victim is unconscious, drugged or intoxicated to the extent that the victim's ability to appraise or control her conduct is substantially impaired. *See* 18 U.S.C. § 2241(b)(1), (2). Another section of the Sexual Abuse Act criminalizes engaging in a sexual act if the victim is incapable of appraising the nature of the act or physically incapable of declining participation, or communicating unwillingness to engage, in it. 18 U.S.C. § 2242(2)(A), (B).

The legislative history of the Sexual Abuse Act, H.R. 4745, 99th Cong. (1986), also reveals Congress's intent that the phrase "intentionally touching" in 18 U.S.C. § 2246(3) refers to the defendant's, not the victim's, mental state. Prior to the enactment of this Act, the Judiciary Committee of the House of Representatives issued a report describing it. The report reviewed the current state of federal law and stated: "Current Federal law protects victims only from unconsented-to sexual intercourse; other forms of abuse are not proscribed. H.R. 4745 is *drafted broadly to cover the widest possible variety of sexual abuse* ...." H.R.Rep. No. 99-594, at 9 (1986) (emphasis added).

The report also stated that "each offense set forth in H.R. 4745 describes (1) the conduct that is prohibited : .. [and] (2) the state of mind that the *defendant* must have had." *Id.* at 12 (emphasis added). This is made especially · clear with regard to "intentional

touching" which is at issue in the present case. The House Report stated "paragraph (3) of proposed section 2245[1] defines the term 'sexual contact' to mean an intentional touching...." *Id.* at 23. This "intentional touching" was then defined by the Report: "The touching must be 'intentional', which requires proof that the touching was the *defendant's* conscious objective." *Id.* at n. 77 (emphasis added).

There is no dispute as to the facts of this case. The defendant intentionally caused his sleeping stepdaughter to touch his genitalia, and he did so with the intent to gratify his sexual desire. That she remained asleep during the entire event is irrelevant. The defendant's conduct falls within the definition of "sexual contact" as defined by 18 U.S.C. § 2246(3) and constitutes abusive sexual contact under 18 U.S.C. § 2244(a)(1), the crime with which the defendant was charged and to which he conditionally pleaded guilty.

AFFIRMED.

---

1. This section has been renumbered section 2246 by Public Law 103–322, Title VI, § 60010(a)(1), 108 Stat.1972 (1994).