A–Z INTERNATIONAL, Employer and Great American Insurance Company, Insurance Carrier, Petitioners,

v.

Michael PHILLIPS; Director, Office Of Workers' Compensation Programs, United States Department of Labor, and Attorney General of the United States, Respondents.

No. 97–70143.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 25, 1999.

Decided June 10, 1999.

James P. Aleccia, Long Beach, California, for petitioners A–Z International and Great American Insurance Company.

Joshua T. Gillelan, United States Department of Labor, Washington, DC, for respondent Director, Office of Workers' Compensation Programs.

Before: BOOCHEVER, TASHIMA, and WARDLAW, Circuit Judges.

WARDLAW, Circuit Judge:

This is a petition for review of a United States Department of Labor Benefits Review Board (the "Board") Decision and Order ("Order") vacating the Supplemental Decision Certifying Facts and Recommending Sanction ("Supplemental Decision") and the Amended Supplemental Decision Certifying Facts and Recommending Sanction ("Amended Supplemental Decision") of an Administrative Law Judge ("ALJ"). In rendering these decisions, the ALJ purported to act pursuant to 33 U.S.C. § 927(b) ("section 27(b)"), which sets forth administrative contempt powers. Section 27(b) requires the ALJ to certify the facts underlying the alleged contempt to the district court. This petition presents the novel question of what actions are required of the ALJ in order to "certify the facts to the district court" within the meaning of section 27(b) so as to invoke the jurisdiction of the district court. We have jurisdiction pursuant to 33 U.S.C. § 921(c), and hereby vacate the Order, having concluded that the ALJ's actions in this case were sufficient "to certify the facts to the district court," thereby depriving the Board of jurisdiction to entertain the appeal from the Supplemental and Amended Supplemental Decisions.

## I.

## BACKGROUND

In September 1988, Respondent Michael Phillips ("Phillips") filed a claim for benefits against his employer, A–Z International ("A–Z") and its insurer Great American Insurance Company (sometimes collectively referred to as "Employer"), alleging that he was injured on the offshore oil rig, the *Hermosa,* and seeking benefits under the Longshore and Harbor Workers' Compensation Act ("LHWCA" or the "Act"), 33

U.S.C. § 901 et seq., as extended by the Outer Continental Shelf Lands Act ("OCS-LA"), 43 U.S.C. § 1331 et seq. In a lengthy and detailed opinion, the ALJ denied Phillips' claim, finding that Phillips was not injured on the *Hermosa* and therefore failed to meet OCSLA's jurisdictional "situs" requirement. *See Decision and Order Denying Benefits,* dated March 26, 1993, at 32 ("March 26 Order").[1] Although no appeal was taken from the March 26 Order, the parties were given the opportunity to submit closing briefs. A–Z availed itself of this opportunity and sought, *inter alia,* reimbursement for disability and medical benefits, as well as costs and attorneys' fees.

In the Supplemental Decision, the ALJ found that Phillips had filed a fraudulent claim in an effort to have his injury covered by the Act and determined that such conduct was sanctionable as fraud against the administrative process pursuant to section 27(b). The ALJ therefore recommended the sanction of requiring Phillips to reimburse the Employer for the amount of the total disability compensation benefits he had received while pursuing the fraudulent claim. The ALJ specifically ordered:

1. Pursuant to Section 27(b) of the Longshore Act, the findings of fact contained in the Decision and Order Denying Benefits which the undersigned issued March 26, 1993, and the findings of fact contained in this Supplemental Decision Certifying Facts and Recommending Sanction are certified.

2. Pursuant to Section 27(b) of the Longshore Act, Claimant shall pay Employer the amount of $54,180.19, which represents temporary total disability compensation benefits which Claimant received for the period of January 8, 1987, through January 3, 1989, as a sanction for Claimant's fraud against the

---

1. The situs requirement is a predicate for coverage under OCSLA. *See* 43 U.S.C. § 1333 (1994); *see also Offshore Logistics, Inc. v. Tallentire,* 477 U.S. 207, 219, 106 S.Ct.

2485, 2493, 91 L.Ed.2d 174 (1986) (noting that "Congress determined that the general scope of OCSLA's coverage ... would be determined principally by locale").

administrative process. This sanction is a recommended sanction which cannot become due until such time as it is successfully enforced with a United States District Court.

*Supplemental Decision,* dated April 11, 1995, at 11–12. The ALJ did not recommend reimbursement for medical benefits or attorneys' fees and costs incurred by the Employer because the Employer had submitted no evidence documenting those sums and therefore such sums could not "be certified as facts." *Id.* at 11.

The Employer moved for reconsideration of the Supplemental Decision. The ALJ denied the Employer's requested relief—reopening of the proceedings so that the Employer could submit evidence to support a recommended sanction as to the medical benefits and attorneys' fees and costs—but reiterated his finding that Phillips had committed a fraud on the administrative process. The ALJ held that this fraud was sufficient to qualify as "disobedience to lawful process" within the meaning of Section 27(b). *Amended Supplemental Decision,* dated December 4, 1995, at 5. The ALJ therefore recommended sanctions to be considered by the district court, which included, in addition to the earlier recommendation of reimbursement of disability compensation, further reimbursement of medical benefits provided by the Employer and reasonable attorneys' fees and costs. *See id.* at 5–6. Distinguishing *Stevedoring Services of America, Inc. v. Eggert,* 953 F.2d 552 (9th Cir.1992), the ALJ noted that the district court's jurisdiction under section 27(b) rests upon a claimant disobeying "lawful process" and that the role of the ALJ was "merely to certify those facts which indicate such disobedience," leaving the "determination as to the appropriateness of sanctions for that disobedience, and what form those sanctions should take, if any, to the district court." *Amended Supplemental Decision,* at 5. Again, the ALJ concluded the Amended Supplemental Decision by ordering:

1. Pursuant to Section 27(b) of the Longshore Act, the findings of fact contained in the Decision and Order Denying Benefits dated March 26, 1993, and the findings of fact contained in the Supplemental Decision Certifying Facts and Recommending Sanction, dated April 11, 1995, are certified; and

2. The Supplemental Decision Certifying Facts and Recommending Sanction dated April 11, 1995, incorporated by reference herein, is hereby amended to include the foregoing discussion.

*Id.* at 6–7.

Phillips appealed the Supplemental Decision and the Amended Supplemental Decision to the Board. Although the Board did not address the jurisdictional question, in an otherwise well-reasoned decision, the Board reversed the ALJ's finding that section 27(b) applied to the underlying certified facts and vacated the ALJ's certification of facts to the district court and the recommendation that Phillips be made to repay the Employer.

## II.

### STANDARD OF REVIEW

This Court reviews Board decisions for errors of law. *See Alcala v. Director, Office of Workers Compensation Programs,* 141 F.3d 942, 944 (9th Cir. 1998); *Metropolitan Stevedore Co. v. Brickner,* 11 F.3d 887, 889 (9th Cir.1993). We give "no special deference ... to the Board's interpretations of the LHWCA." *Moyle v. Director, Office of Workers' Compensation Programs,* 147 F.3d 1116, 1119 (9th Cir.1998).

## III.

### DISCUSSION

#### A. Jurisdiction

Although the Board failed to address the question of its own jurisdiction to entertain the appeal from the Supplemental Decision and Amended Supplemental Decision of the ALJ, the issue is properly before us. The question of jurisdiction may be raised at any stage of the proceedings, including for the first time on appeal.

*See Morongo Band of Mission Indians v. California State Bd. of Equalization,* 858 F.2d 1376, 1380 (9th Cir.1988).

On appeal to this Court, the Director and Employer initially shared the position that the Board lacked jurisdiction to entertain Phillips' appeal of the Supplemental and Amended Supplemental Decisions.[2] At oral argument, however, the Director disavowed the entire jurisdictional argument in his brief, contending that because the ALJ did not complete the certification process to the district court as set forth in section 27(b), the Board may have had jurisdiction to entertain the appeal.[3] We disagree with the Director's tentatively expressed and, by admission at oral argument, only equivocally held, viewpoint. We hold that in the absence of any properly promulgated interpretive regulations, the actions taken by the ALJ were sufficient "to certify the facts to the district court" within the plain meaning of the statute, and thus that the Board lacked jurisdiction.

### B. The Contempt Provision

 Pursuant to section 27(b), the district courts may punish as contempt of court any disobedience or resistance to a lawful order or process issued in the course of administrative proceedings under the Act. *See Eggert,* 953 F.2d at 554. Section 27(b) provides in relevant part:

> (b) If any person in proceedings before a deputy commissioner or Board disobeys or resists any lawful order or process, or misbehaves during a hearing or

so near the place thereof as to obstruct the same, or neglects to produce, after having been ordered to do so, any pertinent book, paper, or document, or refuses to appear after having been subpoenaed, or upon appearing refuses to take the oath as a witness, or after having taken the oath, refuses to be examined according to law, *the deputy commissioner or Board shall certify the facts to the district court having jurisdiction in the place in which he is sitting* ... which shall thereupon in a summary manner hear the evidence as to the acts complained of, and, if the evidence so warrants, punish such person in the same manner and to the same extent as for a contempt committed before the court....

33 U.S.C. § 927(b) (emphasis added).[4] Both parties agree, and the language of the statute clearly contemplates, that the district court holds the contempt power exclusively once the facts concerning the alleged contumacious conduct are certified to it by the ALJ or the Board. That is, once an order is certified to the district court, the district court "shall thereupon in a summary manner hear the evidence as to the acts complained of, and, if the evidence so warrants, punish such person in the same manner and to the same extent as for a contempt committed before the court...." 33 U.S.C. § 927(b). Although the statute does not explicitly preclude Board review, its express grant of fact finding and contempt power to the district court implicitly removes review power from the Board. This conclusion is sup-

---

2. Phillips did not file an appearance in these appellate proceedings.

3. The Director argued in his brief that because the ALJ did not complete the certification process "to the district court," the ALJ's actions were of "no legal consequence," precluding either Board or district court review. Because the Director withdrew this position during oral argument, and in light of our conclusion *infra* that the ALJ did in fact certify the facts to the district court, we need not address this issue.

4. The 1972 amendments to the LHWCA transferred adjudicatory authority from deputy

commissioners to the newly created Office of Administrative Law Judges. *See Director, Office of Workers' Compensation Programs v. Palmer Coking Coal Co.,* 867 F.2d 552, 555 (9th Cir.1989). Congress has amended some of the statutory provisions that referred to the administrative adjudicator as the "deputy commissioner" to reflect the transfer of authority. *See, e.g.,* 33 U.S.C. §§ 919(d), 922, 923. This Court has construed section 27(b) to apply to ALJs despite Congress' failure to alter the reference to the deputy commissioner. *See Palmer Coking,* 867 F.2d at 555.

ported by the text of the statute which provides that the Board "shall" certify such conduct to the district court, removing from it the power to punish contumacious behavior occurring before the Board. By providing for district court review in this fashion, section 27(b) preserves the integrity of the administrative proceeding through the traditional contempt powers of the district courts.[5]

We also note that it would contravene Congress' intent to conclude that the Board was authorized to review ALJ orders certifying acts of contempt while the district court simultaneously conducted evidentiary hearings on the same facts and was empowered to mete out punishment therefore. Such a scheme could lead to diametrically opposed conclusions, with the ludicrous prospect that a person might be punished for an act of contempt that the Board found nonsanctionable. In addition to subverting Congress' intent, a finding that the statute provided concurrent jurisdiction to review contempt recommendations would result in a "needlessly duplicative and time consuming statutory scheme." *Providence Washington Ins. Co. v. Director, Office of Workers' Compensation Programs*, 765 F.2d 1381, 1386 (9th Cir.1985). In *Providence Washington*, we reached a similar conclusion in the analogous context of supplementary orders assessing additional compensation under 33 U.S.C. § 914(f).[6] *See id.* In that case, the employer asserted that a claimant could take a supplementary order to a district court for enforcement only after Board review. *See id.* at 1384. The court disagreed and held that the employer's proposed scheme would be "completely at variance with Congress' intent." *Id.* at 1386; *see also Tidelands Marine Serv. v. Patterson*, 719 F.2d 126, 129 (5th Cir.1983) ("[W]e are persuaded Congress intended that actions for the enforcement of orders declaring default in the payment of compensation due under either § 914(f) or any other substantive section of the LHWCA are to be brought in the district court.").

Based on the above reasoning, we conclude that where the ALJ "certifies the facts to the district court," it is the district court, and not the Board, which has exclusive jurisdiction over the matter.

## C. Certification

■ The critical question thus becomes whether the ALJ took sufficient steps to "certify the facts to the district court" within the meaning of the statute.

■ When interpreting a statute, we "look first to the plain language of the statute." *United States v. Hockings*, 129 F.3d 1069, 1071 (9th Cir.1997) (citing *Northwest Forest Resource Council v. Glickman*, 82 F.3d 825, 830 (9th Cir.1996)). It is only if the statutory language is ambiguous, *i.e.* gives rise to more than one reasonable interpretation, that this Court turns to legislative history. *See United States v. Sagg*, 125 F.3d 1294, 1295 (9th Cir.1997); *Glickman*, 82 F.3d at 830–31.

---

**5.** Subject to narrow exceptions not applicable here, only courts of law are empowered to punish contempt committed before an administrative tribunal. *See* Bernard Schwartz, *A Decade of Administrative Law: 1987–1996*, 32 Tulsa L.J. 493, 512 (1997) ("[C]ontempt power is limited to courts and may not be conferred upon administrative agencies."). The Board, like most administrative agencies, has not been vested with contempt powers. *See* 20 C.F.R. § 802.103(b) (1998) ("[I]f any person in proceedings before the Board disobeys or resists any lawful order or process, or misbehaves during a hearing ... the Board shall certify [such] facts to the Federal district court."); *see generally* 20 Am.Jur.2d *Courts* § 1 (1995) (explaining that historically, "ad-

ministrative agencies do not have the power to punish contempts ...").

**6.** Section 914(f) provides:

If any compensation, payable under the terms of an award, is not paid within ten days after it becomes due, there shall be added to such unpaid compensation an amount equal to 20 per centum thereof, which shall be paid at the same time as, but in addition to, such compensation, unless review of the compensation order making such award is had as provided in section 921 of this title and an order staying payment has been issued by the Board or court.

33 U.S.C. § 914(f).

■ We start, as we must, with the plain language of the statute. The statute provides that the ALJ "shall certify the facts to the district court...." *Black's Law Dictionary* defines the word certify as "[t]o authenticate or vouch for a thing in writing. To attest as being true or as represented." *Black's Law Dictionary* 228 (6th ed.1990). The language of the statute could not be more clear—the ALJ must authenticate or vouch for the facts in writing or attest to the facts as being true or as represented. There is no other reasonable interpretation of the term "certify" in this context. No party even argues that the word "certify" is reasonably capable of more than one meaning in this context. Here, what in fact divides the parties is the question of the appropriate *method* of certification to the district court.

The statute and its legislative history are silent as to the preferred, or any, method of certification to the district court. *Black's Law Dictionary* separately defines the noun form of "certify." "Certification" is "the formal assertion in writing of some fact" or the "act of certifying." *Black's Law Dictionary* 227 (6th ed.1990).[7] Thus, we can conclude that if the Director were to promulgate a reasonable method of certification to the district court, that regulation would not be inconsistent with the statutory requirement. Nevertheless, we cannot apply the usual *Chevron* standard of deference because the relevant agency, the Department of Labor, has failed to issue any regulations construing or implementing section 27(b).

We can conceive of any number of permissible constructions of the method of certifying "to the district court" which we would uphold under a reasonableness standard. Clearly, one such construction is embodied in the method employed by the ALJ who made findings of fact and certified those findings to the district court in both the Supplemental Decision and the Amended Supplemental Decision. For instance, in both decisions, the ALJ found that Phillips had made intentional misrepresentations of fact while under oath during formal discovery, at his sworn deposition, and while testifying at his administrative hearing. *See Supplemental Decision*, at 9–10; *Amended Supplemental Decision*, at 2.[8] In undertaking to effectuate these findings, the ALJ stated that his "role in the functioning of Section 27(b), at least in matters arising within the Ninth Circuit, includes the issuance of an order recommending specific sanctions for enforcement in United States District Court." *Supplemental Decision*, at 7. Noting the latent ambiguities in the statutory scheme, the ALJ deduced that "if [an] ALJ fails to include an order recommending specific sanctions then the District Court will not have jurisdiction for enforcement." *Id.* at 7. From these premises, the ALJ logically concluded that because he had "certified certain facts [and recommended sanctions] to the United States District Court, ... the District Court could impose [such sanctions] upon [Phillips] for his fraud against the administrative process, should it choose to do so." *Amended Supplemental Decision*, at 2. Finally, in both the Supplemental and Amended Supplemental Decisions, the ALJ expressly ordered that the findings of fact in the March 26 Order "are certi-

---

7. As an example, "[c]ertification to federal court" is more narrowly defined as the "[m]ethod of taking a case from U.S. Court of Appeals to Supreme Court in which former court may certify any question of law." *Black's Law Dictionary* 227 (6th ed.1990).

8. Specifically, the ALJ found that:
[Phillips] was not injured on the Hermosa in early January of 1993, that [his] representations to the contrary were false, and that [his] injury was not covered by the OCSLA.... There can be no doubt that the representations which [Phillips] made during the OCSLA administrative process as to the location of his injury were intentional, as they began with the filing of an [administrative complaint] and continued with [his] deposition and hearing testimony and formal discovery answers.
*Supplemental Decision*, at 10.

fied." *Amended Supplemental Decision,* at 7; *accord Supplemental Decision,* at 11.

In the absence of a clear statutory directive or interpretive regulations setting forth the procedural mechanism by which a district court hearing is initiated, we cannot say that the ALJ's construction of section 27(b) fills the interstices of the LHWCA in an impermissible fashion. The actions of the ALJ certainly constitute one reasonable construction of the phrase "certify to the district court," which is not at odds with any language in the statute or regulation pursuant thereto. Accordingly, we find sufficient compliance with the statute to invoke the district court's jurisdiction.[9]

## IV.

### CONCLUSION

The Court concludes that the ALJ chose one reasonable and sufficient method of certification to the district court which was consistent with the meaning and purpose of the statute.[10] While the Director is free to promulgate any other reasonable method to implement the certification process that is within the contemplation of the statute, he has not done so here. Accordingly, exclusive jurisdiction over the section 27(b) certification of facts lay with the district court, and the Board lacked jurisdiction to issue the Order. The decision of the Board is therefore vacated.

PETITION FOR REVIEW GRANTED AND ORDER VACATED.

9. We do not address the procedure to be employed (or even if there should be an exclusive procedure) as to how the ALJ's certified facts should be brought to the attention of the relevant district court. We leave it to the parties and the Board to work out an acceptable procedure. We note only that the federal rules provide that "[a] civil action is commenced by filing a complaint with the [district] court." Fed.R.Civ.P. 3. It would thus appear that someone—the Board, the Director, or a party—must file an initial pleading with the district court which incorporates the ALJ's certified facts.

10. We do not express any opinion on whether the facts certified by the ALJ constitute a violation of section 27(b).

