**Royce A. BARRETT, Petitioner,**

v.

**Susan YEARWOOD, Respondent.**

**No. CIVS–98–2226LKK/JFM P.**

United States District Court,
E.D. California.

Sept. 1, 1999.

Daniel J. Broderick, Asst. Federal Defender; Sacramento, CA, for Petitioner.

Brian G. Smiley, Deputy Atty. Gen., Sacramento, CA, for Respondent.

## ORDER

KARLTON, Chief Judge Emeritus.

Petitioner, a state prisoner, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

On July 13, 1999, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within ten days.

Respondent has filed objections to the findings and recommendations, petitioner has filed a reply to respondent's objections, and respondent has filed a surreply brief.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72–304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court will adopt the Findings and Recommendations. A few additional words about the issue seem appropriate.

Magistrate Judge Moulds' Findings and Recommendations depart from the conclusions of Magistrate Judge Eick, whose findings and recommendations were adopted in a published opinion, *Sperling v. White*, 30 F.Supp.2d 1246 (C.D.Cal.1998). Because of the importance of the issue, this court will publish Judge Moulds' Findings and Recommendations. In addition, the court will briefly address the mode of analysis utilized in the *Sperling* opinion. The issue that is tendered both here and in *Sperling* is whether the one year statute of limitations established under the Antiter-

rorism and Effective Death Penalty Act ("AEDPA"), *see* 28 U.S.C. § 2244(d)(1), is tolled during the time a properly filed federal habeas corpus petition is pending.

To a very large extent, *Sperling* relies on an assertedly more natural reading of the statute in reaching the conclusion that the statute of limitations is not tolled. *Sperling*, 30 F.Supp.2d at 1250. As Magistrate Judge Moulds' opinion demonstrates, there is, to say the least, nothing more natural about *Sperling*'s reading than the contrary conclusion. That observation illustrates the particular danger in a careless application of the natural reading rubric.

■ Assuredly there are readings that are linguistically possible, but so strained as to be unnatural. Where, however, as here, each reading is plausible, assertions about the "more natural reading," because they are standardless, are disguised expressions of preference, that is to say result-driven. It may be that conclusions regarding "natural reading" are appropriate to the Supreme Court, whose decisions are final. Except in extreme cases of unnatural reading, however, the need for rational decisionmaking is better served when the lower courts restrict themselves to the traditional means of statutory interpretation.

■ Resolution of statutory ambiguities by resort to the established canons of construction has the strength of precedent and the virtue of reasoned analytical application, thus providing confidence in the decision or a basis for departing from it.[1] Moreover, resolution by means of the application of the conventional canons of construction assures compliance with the High Court's repeated admonition that where possible, the meaning of statutes is to be determined from the text. *See, e.g., Consumer Product Safety Commission v. GTE Sylvania Inc.*, 447 U.S. 102, 108, 100 S.Ct.

2051, 64 L.Ed.2d 766 (1980)("We begin with the familiar canon of statutory construction that the starting point for interpreting a statute is the language of the statute itself. Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive."). Because I conclude that Judge Moulds' Findings and Recommendations are grounded on a principled application of the applicable statutory canons and reach the proper construction of the statute, I must adopt them.

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's August 13, 1999 application to file a surreply brief is GRANTED;

2. The findings and recommendations filed July 13, 1999, are ADOPTED in full;

3. Respondent's March 23, 1999 motion to dismiss is DENIED;

4. Petitioner's June 4, 1999 motion to vacate judgment is DENIED; and

5. This matter is REFERRED BACK to the magistrate judge for further proceedings on petitioner's application for a writ of habeas corpus.

IT IS SO ORDERED.

### *FINDINGS AND RECOMMENDATIONS*

MOULDS, United States Magistrate Judge.

Petitioner is a state prisoner proceeding through counsel with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss on the grounds that this action is barred by the statute of limitations. Petitioner opposes the motion and, in the alternative, has moved pursuant to Fed. R.Civ.P. 60(b) to vacate the judgment en-

---

1. Thus, to the extent that *Sperling* relies on traditional canons of construction, *expresio unis* and *ejusdem generis,* this court has a basis for rejecting the analysis since their

application defeats the overriding canon that every word in a statute is to be given effect. *United States v. Menasche*, 348 U.S. 528, 75 S.Ct. 513, 99 L.Ed. 615 (1955).

tered in a previously filed federal habeas corpus action in which the petition was dismissed for failure to exhaust state remedies.

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA) was enacted. The AEDPA amended 28 U.S.C. § 2244(d)(1) so that it now provides:

A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1. Petitioner was convicted July 23, 1993.

2. The AEDPA was enacted April 24, 1996.

3. The California Court of Appeal for the Third Appellate District affirmed petitioner's conviction on February 19, 1997.

4. On May 21, 1997, the California Supreme Court denied petitioner's petition for review.

5. Petitioner's conviction became final on August 21, 1997, when the time for filing a petition for certiorari in the United States Supreme Court expired.

6. On June 3, 1997, petitioner filed a federal petition for writ of habeas corpus in this court, Case No. CIV S–97–1106 LKK JFM P. Petitioner subsequently amended the petition filed in that action.

7. On October 23, 1997, respondent filed a motion for summary dismissal of Case No. CIV S–97–1106 LKK JFM P on the grounds that petitioner had not exhausted state remedies.

8. On December 24, 1997, petitioner requested leave to file an amended petition raising only exhausted claims.

9. By order filed January 9, 1998, respondent's motion for summary dismissal was denied without prejudice, petitioner's amended petition was dismissed and petitioner was granted thirty days to file a second amended petition raising only exhausted claims.

10. On June 26, 1998, petitioner's first federal habeas corpus action was dismissed without prejudice due to petitioner's failure to file a second amended petition pursuant to the January 9, 1998 order.

11. Petitioner filed the instant petition on November 17, 1998.

The new one year statute of limitations began to run against petitioner on August 21, 1997, the date that the time for seeking certiorari in the United States Supreme Court expired. *See* 28 U.S.C. § 2244(d)(1)(A). At that time, and at least until January 9, 1998, a federal habeas corpus petition was pending in this court. Respondent contends that the pendency of

the federal petition does not toll the statute of limitations because the tolling provision of 28 U.S.C. § 2244(d)(2) applies only to actions for review pending in state court.

As noted above, 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation...." Respondent contends that the word "State" modifies both "post-conviction" and "other collateral review" and therefore that properly filed federal habeas corpus petitions are not included. Respondent relies principally on the reasoning of the district court in *Sperling v. White*, 30 F.Supp.2d 1246 (C.D.Cal. 1998).[1] For the reasons set forth below, this court respectfully disagrees with the *Sperling* court's analysis and respondent's contention.

As respondent states, "[a]t issue is whether the phrase 'State post-conviction or other collateral review,' includes Federal collateral review." (Respondent's Supplemental Reply, at 10.) The issue is one of statutory interpretation. " 'The starting point in statutory interpretation is the language [of the statute] itself,' " *United States v. James*, 478 U.S. 597, 604, 106 S.Ct. 3116, 92 L.Ed.2d 483 (1986) (quoting *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 756, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975) (Powell, J., concur-

ring)), and where statutory command is straightforward, 'there is. no reason to resort to legislative history.' *United States v. Gonzales*, 520 U.S. 1, 117 S.Ct. 1032, 1035, 137 L.Ed.2d 132 (1997). *City of Auburn v. U.S. Government*, 154 F.3d 1025, 1029–30 (9th Cir.1998), *cert. denied*, —— U.S. ——, 119 S.Ct. 2367, —— L.Ed.2d —— (1999); *see also, e.g., A–Z International v. Phillips*, 179 F.3d 1187, 1192 (9th Cir.1999).

Respondent's position is that the word "State" modifies both the word "post-conviction" and the phrase "other collateral review" and therefore that federal habeas corpus petitions cannot operate to toll the statute of limitations. Respondent's position is not supportable under either ordinary linguistic principles or principles of statutory construction.

■■■ Post-conviction means after conviction. The phrase "post-conviction review" includes all review available after conviction, including federal habeas corpus review.[2] However, as used in § 2244(d)(2), post-conviction review refers only to post-conviction review provided by a state because it is modified by the word "State." In addition, "State post-conviction review" means only post-conviction review other than direct appeal because the statute of limitations does not begin to run until "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[3] Because

---

1. Respondent also relies on an unpublished opinion of one judge of this court, *Vincze v. Hickman*, 1999 WL 68330 (E.D.Cal. Jan.13, 1999) holding that the statute of limitations is not tolled during the pendency of a federal habeas petition, and several other cases which she contends have "impliedly rejected the notion that the AEDPA allows tolling during the pendency of a federal petition." (Respondent's Supplemental Reply to Opposition to Motion to Dismiss, filed June 21, 1999, at 7.) *See* Supplemental Reply at 8 (citing cases).

2. Federal habeas corpus relief under 28 U.S.C. § 2254 is only available for individuals in custody "pursuant to the judgment of a State court." 28 U.S.C. § 2254(a).

3. Black's Law Dictionary provides the following definition of state post-conviction remedies:

   Almost every state has one or more post-conviction procedures that permit prisoners to challenge at least some constitutional violations. A substantial group of states have adopted special post-conviction statutes or court rules, roughly similar to section 2255 of 28 U.S.C.A., that encompass all constitutional claims. [Citation omitted.] Others, following the federal habeas corpus statute, have held that at least some constitutional violations are jurisdictional defects cognizable under a common law or statutory writ of habeas corpus. [Citation omitted.] The writ of coram nobis is also

"State post-conviction review" does not include direct appellate review, it must include all collateral review of a conviction provided by a state; all review of a conviction other than direct appeal is by definition collateral review.

■ Viewed in this light, the word "State" must modify only the "post-conviction" review to which the statute refers. If the word "State" were read to modify both "post-conviction" and "other collateral review," the latter phrase would have no meaning because, as noted above, "State post-conviction review" means all collateral review of a conviction provided by a state.[4] "It is a basic rule of statutory construction 'that one provision should not be interpreted in a way which is internally contradictory or that renders other provisions of the same statute inconsistent or meaningless.'" *United States v. Powell,* 6 F.3d 611, 614 (9th Cir.1993) (internal citation omitted). Respondent's reading would render the phrase "other collateral review" meaningless.

■ The only "other collateral review" of final state convictions is federal habeas corpus review under § 2254. The plain meaning of § 2244(d)(2) is that the statute of limitations is tolled during the pendency of any properly filed federal habeas corpus petition. *Cf. Nino v. Galaza,* 1999 WL 451783 (9th Cir. July 6, 1999) (holding that the statute of limitations is tolled during the entire time a state prisoner is exhausting claims in state court, including during intervals between the filing of a petition at initial and appellate levels, and noting that "a contrary construction ... would inevitably lead to the filing of protective federal petitions.")

For all of the foregoing reasons, this court finds that the period during which

petitions filed in petitioner's first federal habeas corpus action were pending in this court does not count toward the one year statute of limitations applicable to this action. As noted above, that action was filed on June 3, 1997, prior to the time the statute of limitations would have started running on August 21, 1997, and a petition was pending therein until at least January 9, 1998. The instant petition, filed less than one year later, was timely. Respondent's motion to dismiss should therefore be denied.

Petitioner claims in the alternative that he should be relieved of the judgment entered in Case No. CIV S–97–1106 LKK JFM P. For the reasons set forth above, petitioner's motion is unnecessary and should therefore be denied.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Respondent's March 23, 1999 motion to dismiss be denied;

2. Petitioner's June 4, 1999 motion to vacate judgment be denied; and

3. The matter be referred back to this court for further proceedings on petitioner's application for a writ of habeas corpus.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(*l*). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file

---

viewed in several states as an appropriate remedy for presenting certain types of constitutional claims. [Citation omitted.] In addition, several states have adopted the Uniform Post Conviction Procedure Act. Black's Law Dictionary 1049–50 (5th ed.1979).

4. The phrase "other collateral review" cannot refer to collateral review provided prior to a conviction because, as noted above, the statute of limitations does not start running until a conviction is final.

objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.1991).

July 9, 1999.

July 9, 1999.