**Michael EVANS, Petitioner,**

v.

**R.Q. HICKMAN, Respondent.**

**No. CV 99–11245 DDP EE.**

United States District Court, C.D. California.

Aug. 18, 2000.

by petitioner.

---

**5.** Having reached this conclusion, this Court need not consider the other arguments raised

Michael Evans, Ione, CA, pro se.

Russell A. Lehman, CCAG, Office of Atty. Gen., Los Angeles, CA, for respondent.

## ORDER REJECTING IN PART REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

PREGERSON, District Judge.

Petitioner Michael Evans, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The United States Magistrate Judge filed a report and recommendation finding that the petition is time-barred. Having conducted a de novo review of the matter pursuant to 28 U.S.C. § 636(b)(1)(C), the Court rejects the report in part and refers the matter back to the Magistrate Judge for further proceedings.

### I. Background

The petitioner was convicted of second-degree burglary and petty theft in Los Angeles County Superior Court in 1996. (Answer, Case No. CV 99–0073 DDP (EE), Ex. A.) The charges stemmed from a shoplifting incident involving four bottles of shampoo. (*Id.* Ex. C.) The trial court found that the petitioner had also suffered two prior felony robbery convictions. (*Id.* Ex. A.) Pursuant to California's Three Strikes Law, the petitioner was sentenced to a term of 25 years to life. (*Id.*) In December 1997, the California Court of Appeal affirmed the conviction and sentence. (*Id.* Ex. C.) On February 18, 1998, the California Supreme Court denied review. (*Id.* Ex. E.)

On January 6, 1999, the petitioner filed his first federal habeas petition in this Court. *Evans v. Hubbard,* Case No. CV 99–0073 DDP (EE).[1] The Court found that three of the four claims raised in that petition were unexhausted. On June 15, 1999, at the petitioner's election, the petition was dismissed without prejudice for failure to exhaust available state remedies.

On October 27, 1999, the petitioner filed the instant petition. In response to a Court order, the petitioner elected to amend his petition to delete one unexhausted claim. His first amended petition, filed on December 29, 1999, alleges two grounds for relief: (1) that the trial court abused its discretion in refusing to instruct the jury on the lesser-included offense of attempted petty theft; and (2) that the petitioner's sentence constitutes cruel and unusual punishment under the Eighth Amendment.

The respondent filed an answer, contending that the petition is time-barred by the applicable one-year statute of limitations. (Answer to First Am. Pet.) Specifically, the respondent argues that the filing of a prior federal habeas petition does not toll the running of the limitations period. (*Id.* at 6–22.) The respondent also argues that the petitioner failed to exhaust available state remedies as to Ground 1. The petitioner filed a traverse, citing equitable tolling and the relation-back doctrine.

Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to the Honorable Elgin Edwards, United States Magistrate Judge. On April 25, 2000, the Magistrate Judge filed a report and recommendation, recommending that the petition be dismissed with prejudice. The Magistrate Judge rejected the arguments raised in the petitioner's traverse, and concluded that the petition is time-barred by the applicable one-year statute of limitations. In light of this finding, the Magistrate Judge declined to reach the exhaustion

---

1. Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of the pleadings and orders in that prior case.

issue. On May 22, 2000, the Magistrate Judge submitted a final report and recommendation to the Court, finding that the statute of limitations is not tolled by the filing of a federal habeas petition.

The Court accepts the Magistrate Judge's findings regarding equitable tolling and the relation-back doctrine. However, the Court respectfully disagrees with the Magistrate Judge's statutory tolling analysis. Accordingly, the Court rejects the report in part and refers the matter back to the Magistrate Judge for further proceedings.

## II. Discussion

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal habeas petitions are subject to a one-year limitations period. *See* 28 U.S.C. § 2244(d)(1). However, the limitations period is tolled during the time that "a properly filed application for State post-conviction or other collateral review ... is pending." 28 U.S.C. § 2244(d)(2).

In the petitioner's case, the one-year period began to run on May 19, 1998, ninety days after the California Supreme Court denied his petition for review. *See Bowen v. Roe,* 188 F.3d 1157, 1158–59 (9th Cir.1999). Absent statutory or equitable tolling, the limitations period expired on May 18, 1999. The instant petition was filed 162 days later, on October 27, 1999. However, the petitioner's first habeas petition was pending for slightly longer than that 162–day period.[2] Accordingly, if the statute of limitations were tolled by the filing of the first federal petition, the instant petition would be timely.

In his final report and recommendation, the Magistrate Judge found that statutory tolling does not apply to periods of prior federal habeas review. This issue turns on the proper construction of the statutory phrase, "State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2).

As noted in the Magistrate Judge's report, the courts are in disagreement as to this issue. The Third, Fifth, and Tenth Circuits, as well as several district courts in this circuit, have held that the word "State" modifies both the phrase "post-conviction [review]" and the phrase "other collateral review." *See Jones v. Morton,* 195 F.3d 153, 158–59 (3d Cir.1999); *Ott v. Johnson,* 192 F.3d 510, 513 n. 10 (5th Cir.1999); *Rhine v. Boone,* 182 F.3d 1153, 1156 (10th Cir.1999); *Sperling v. White,* 30 F.Supp.2d 1246, 1250 (C.D.Cal.1998). Under this construction, the limitations period is tolled only during the pursuit of state procedures or habeas remedies.

In *Sperling,* for example, the court found that this construction accorded with a "natural reading" of the statute and with clear congressional intent. *See Sperling,* 30 F.Supp.2d at 1250–53; *accord Jones,* 195 F.3d at 159 (relying primarily on *Sperling* ). The court found that a contrary reading would strain the plain meaning of the words and would render the word "State" mere surplusage. *See Sperling,* 30 F.Supp.2d at 1250–51. The court noted that, under its reading, the phrase "other collateral review" could refer to non-judicial state post-conviction remedies such as state petitions for clemency. *See id.* at 1251. Finally, the court found that its reading best served the object and policy of AEDPA, by placing strict time limits on federal habeas review and according genuine finality to state convictions. *See id.* at 1251–52.

The Ninth Circuit has not addressed the issue. However, the Second Circuit and one district court in this circuit, also relying on a "natural reading" of the statute,

---

**2.** The petitioner's first federal habeas petition was pending in this Court for 163 days, between January 6 and June 18, 1999. Accordingly, for purposes of this order, the Court need not adjust the relevant dates under the "mailbox" rule for pro se prisoners. Under that rule, a habeas petition is deemed filed on the date that it is delivered to prison authorities. *See Saffold v. Newland,* No. 99–15541, 2000 WL 973282 at *4 (9th Cir. July 17, 2000).

have adopted a contrary position. *See Walker v. Artuz,* 208 F.3d 357 (2d Cir. 2000); *Barrett v. Yearwood,* 63 F.Supp.2d 1245 (E.D.Cal.1999). In *Walker,* for example, the Second Circuit found that the *Sperling* court's reading would result in the ungainly construction "State ... other collateral review." *See Walker,* 208 F.3d at 360. The Second Circuit also rejected the *Sperling* court's limitation of the term "collateral review," noting that the phrases "post-conviction ... review" and "other collateral review" could both encompass habeas review as well as clemency petitions. *See id.* Finally, the Second Circuit disagreed with the argument that its reading frustrated the purposes of AEDPA. Rather, the Second Circuit reasoned that applying tolling during periods of federal habeas review promotes efficiency, encourages the prompt filing of federal habeas petitions, and "avoids penalizing state prisoners who properly have filed federal habeas petitions and are awaiting a response from the court." *See id.* at 361.

The Court finds the Second Circuit's reasoning to be persuasive, as well as consistent with the plain meaning of the statute and the overall purposes of AEDPA. Accordingly, the Court respectfully disagrees with the Magistrate Judge's statutory tolling analysis. The Court holds that, under 28 U.S.C. § 2244(d)(2), the one-year limitations period is tolled during the pendency of federal habeas review. The instant habeas petition was thus timely filed.

### III. Conclusion

For the reasons set forth above, the Court rejects in part the Magistrate Judge's report and recommendation. The matter is referred back to the Magistrate Judge for further proceedings. The clerk shall serve this order on all parties or counsel of record.

IT IS SO ORDERED.